E-Filed: **8/7/09**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rayshun Cunningham,**<br>   **Petitioner,**<br>  **v.**<br>**M.S. Evans,** *et al.*,<br>   **Respondents.** | **CASE NO. CV 07-2338-GHK**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

   This matter is before the Court on Petitioner Rayshun Cunningham's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition").   On October 31, 2007, Petitioner filed the Petition asserting six grounds for relief.  On May 22, 2008, Respondent M.S. Evans ("Respondent"), Warden of Salinas Valley State Prison, filed an Answer.  Petitioner filed a Traverse on July 21, 2008.  We have considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument.  L.R. 78-230(h).  As the Parties are familiar with the facts in this case, they will be repeated only as necessary.  Accordingly, we rule as follows.

//

//

**I.  Our Standard of Review Under AEDPA**

Petitioner's case is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2254.  A federal district court shall not grant a petition for writ of habeas corpus with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

## II.    Discussion

### A.    Ground 1: California Instruction on Imperfect Self-Defense Violated Fifth and Fourteenth Amendments

In Ground 1, Petitioner argues that the trial court's use of CALJIC No. 5.17, the imperfect self-defense instruction, deprived him of his right to a fair trial.  He argues that there was insufficient evidence to support the last paragraph of the instruction, which states that imperfect self-defense is not available "if the defendant by his unlawful or wrongful conduct created the circumstances which legally justified his adversary's use of force, attack, or pursuit."  (Clerk Trans. 163.)

Assuming the trial court erred in giving the instruction, Petitioner fails to demonstrate that the error "had substantial and injurious effect or influence in determining the jury's verdict."  *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Clark v. Brown*, 450 F.3d 898, 905 (9th Cir. 2006).  First, there is no harm because a reasonable juror would not interpret jaywalking or approaching in anger to be the type of "unlawful or wrongful conduct" which would negate imperfect self-defense.  Moreover, given the amount of witness testimony, physical evidence, and Petitioner's own inconsistent statements, he fails to demonstrate that CALJIC No. 5.17 had a substantial effect on the jury's verdict.

### B.    Ground 2: California Standard Acquittal First Instruction Violated

2

**Fifth, Sixth, and Fourteenth Amendments**

In Ground 2, Petitioner argues that the trial court violated his due process rights by giving California's standard Acquittal First Instruction, CALJIC No. 17.10.

Petitioner fails to demonstrate that the California Court of Appeal's rejection of this argument was contrary to or an unreasonable application of clearly established federal law.  First, he fails to cite any controlling Supreme Court precedent to support his argument.  Moreover, given the amount of evidence against him, he fails to demonstrate a "reasonable probability" that the jury would have arrived at a different verdict had the instruction not been given.  *See Clark*, 450 F. 3d at 916.

**C.     Ground 3: Ineffective Assistance of Trial Counsel by Failure to Request Particular Self-Defense Jury Instruction in Violation of Sixth and Fourteenth Amendments**

In Ground 3, Petitioner argues that his trial counsel rendered ineffective assistance by failing to request a jury instruction based on the antecedent threats doctrine.  He argues that his trial counsel should have requested an instruction that a person who had been threatened is justified in acting more quickly and taking harsher measures.

The California Court of Appeal's rejection of this argument was a reasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner's counsel's failure to request the instruction was reasonable given that Petitioner did not qualify for it. *See Strickland*, 466 U.S. at 688.  Second, Petitioner was not prejudiced because the other self-defense instructions, including CALJIC No. 5.51 and 5.12, were sufficient to cover his self-defense theory.  *See Strickland*, 466 U.S. at 694.  Moreover, given the amount of evidence against Petitioner, he fails to demonstrate that the failure of the trial court to give this instruction affected his self-defense theory.

//

//

//

**D.     Ground 4: Ineffective Assistance of Trial Counsel by Failure to Request**

3

**Particular Eyewitness Testimony Instructions in Violation of Sixth and Fourteenth Amendments**

In Ground 4, Petitioner argues that his trial counsel rendered ineffective assistance by failing to request jury instructions on the unreliability of eye witness testimony, which related to witness Givens's testimony.  Specifically, he argues that his attorney should have requested CALJIC No. 2.91 and 2.92.

The California Court of Appeal's rejection of Petitioner's argument was a reasonable application of *Strickland*, 466 U.S. 668.  First, Petitioner's attorney performed reasonably given that Petitioner may not have qualified for CALJIC No. 2.92. Identification of Petitioner as the shooter was not at issue, and the identification of Petitioner as the individual who struck Toro was a minor issue.  Second, Petitioner fails to establish prejudice given that other jury instructions adequately instructed the jury on how to assess Givens's testimony.  (*See* Clerk Trans. 157-158 [CALJIC No. 2.20]; Clerk Trans. 159 [CALJIC No. 2.27]; Clerk Trans. 157 [CALJIC No. 2.13].)  Furthermore, Petitioner's attorney effectively impeached Givens, and the prosecutor did not rely on Givens's testimony in making his case.  (*See* Lodged Doc. D at 13.)

**E.     Ground 5: Evidentiary Error in Admitting Toy Gun in Violation of the Fifth and Fourteenth Amendments**

In Ground 5, Petitioner argues that the trial court violated his due process rights by admitting a toy gun found near the scene of the crime into evidence.  He argues that the toy gun led the jury to believe that Petitioner intended to kill the victim.

Petitioner fails to demonstrate that the admission of the toy gun rendered the trial "fundamentally unfair."  *See Windham v. Merkle*, 163 F. 3d 1092, 1103 (9th Cir. 1998). First, the toy gun did not likely play any role in the jury's deliberations.  Second, given the amount of evidence against Petitioner, he fails to demonstrate fundamental unfairness in his trial.

**F.     Ground 6: Cumulative Errors of All Five Grounds Violated the Fifth**

and Fourteenth Amendments

In Ground 6, Petitioner argues that he was denied due process based on the cumulative errors described in Grounds 1 through 5.

Petitioner fails to show that the alleged instructional errors, ineffective assistance of counsel claims, and evidentiary error had a "substantial and injurious effect of influence on the jury's verdict." *Brecht*, 507 U.S. at 637. Given that the evidence of guilt was substantial and that Petitioner makes a weak to nonexistent showing of prejudice in the other claims, there is no cumulative error. *See Parle v. Runnels*, 505 F. 3d 922, 927– 28 (9th Cir. 2007).

### III.   Conclusion

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus.    No evidentiary hearing is necessary. *See* 28 U.S.C. § 2254(e)(2); *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).


**IT IS SO ORDERED**.


DATED: August 7, 2009

_____
GEORGE H. KING
United States District Judge[1]

_____

[1] United States District Judge for the Central District of California sitting by designation.